1  **WO**

2

3

4

5

6        **IN THE UNITED STATES DISTRICT COURT**

7            **FOR THE DISTRICT OF ARIZONA**

8

9   Baker, Donelson, Bearman, Caldwell &    No. CV-20-01000-PHX-GMS
    Berkowitz PC,
10                                            **ORDER**
              Petitioner,
11
    v.
12
    NextCare Holdings Incorporated,
13
              Respondent.
14

15        Pending before the Court is Petitioner Baker, Donelson, Bearman, Caldwell &

16   Berkowitz, P.C. ("Baker Donelson")'s Petition to Compel Compliance with Subpoena

17   Duces Tecum (Doc. 1). On May 22, 2020 the Court held a telephonic hearing on this matter

18   and took the motion under advisement. Counsels were instructed to file certifications

19   regarding their efforts to obtain the requested documents through various means. These

20   certifications (Doc. 15 and Doc.16), which modify Baker Donelson's petition for

21   compliance, are also before the Court.

22                            **BACKGROUND**

23        The pending petition concerns two underlying lawsuits.

24        The first was an action brought by John Shufeldt in 2015 against NextCare Holdings

25   Inc. ("NextCare"), its board of directors, and one of its investors (collectively

26   "defendants") for breach of fiduciary duty ("Underlying Action"). In the Underlying

27   Action, Shufeldt, NextCare's former Chief Executive Officer and Chairman of the Board,

28   claimed the defendants engaged in a scheme to dilute his ownership interest in NextCare

after they urged his resignation in October 2010. In particular, Shufeldt alleged that NextCare retained a company to perform a valuation of the business and provided the company with inaccurate forecasts that resulted in a valuation report that significantly undervalued the company. The decreased valuation then permitted one of NextCare's investors to purchase large quantities of NextCare's stock at an artificially depressed price, which diluted Shufeldt's interest. The Underlying Action was resolved via settlement.

Shufeldt brought the second action ("Instant Action") in July 2017 against Baker Donelson for alleged legal malpractice. Shufeldt alleges that prior to filing the Underlying Action against NextCare et al., he engaged Baker Donelson to evaluate whether he had viable claims against defendants for diluting his ownership interest in the company. Although Shufeldt retained different counsel to file and pursue the Underlying Action, he alleges that the statute of limitations on his claims against defendants had actually expired before he filed the Underlying Action and that Baker Donelson negligently failed to advise him of such in a timely manner. Baker Donelson denies Shufeldt's allegation that the firm failed to advise him of the potential statute of limitations issues. Baker Donelson also contends that Shufeldt's Underlying Action lacked merit, and thus Baker Donelson cannot be held liable for causing any of Shufeldt's alleged damages.

In February 2019, Baker Donelson served the subpoena duces tecum at issue on NextCare. The subpoena includes 13 separate requests for production of documents related to issues in the Underlying Action. NextCare served written objections to Baker Donelson's requests, but later produced documents. However, NextCare produced only limited emails in response to request number 10 and request number 12, asserting the position that to produce any further emails would be unduly burdensome.[1] NextCare's production, or lack thereof, to requests 10 and 12 is the subject of the present petition. After attempts to meet and confer, the pending Petition followed.

/ / /

---

[1] In its response NextCare does not dispute that the requested communications are at least potentially relevant and non-privileged. Moreover, due to NextCare's production in response to the other requests, any confidentiality objection has been waived.

1    The Court held a telephonic oral argument regarding the petition on Friday, May

2  22, 2020 and took the Petition under advisement until counsel could inform the Court of

3  their efforts to obtain the information sought by means of recreating NextCare's discovery

4  database from the Underlying Action or pursuing production of the same communications

5  from Mr. Shufeldt. As requested by the Court, Baker Donelson informed the Court that it

6  is continuing, without avail, to pursue production from Mr. Shufeldt in the Middle District

7  of Tennessee and has also confirmed that some communications were destroyed by Mr.

8  Shufeldt's prior counsel. However, the parties have also learned that NextCare's counsel

9  from the Underlying Action is able to substantially recreate the discovery database from

10  the Underlying Action at a cost ranging from $1,500 to $3,000. Other associated costs

11  include a maintenance fee of $500 a month and an hourly rate of $300 to run the desired

12  searches. Baker Donelson has agreed to cover the reactivation costs and monthly

13  maintenance fee but believes NextCare should shoulder the cost of the hourly rate to

14  conduct the requisite searches. The dispute regarding who should bear the hourly cost of

15  searching the database is all that remains.

16  **DISCUSSION**

17    Rule 26 of the Federal Rules of Civil Procedure provides: "Parties may obtain

18  discovery regarding any nonprivileged matter that is relevant to any party's claim or

19  defense and proportional to the needs of the case, considering the importance of the issues

20  at stake in the action, the amount in controversy, the parties' relative access to relevant

21  information, the parties' resources, the importance of the discovery in resolving the issues,

22  and whether the burden or expense of the proposed discovery outweighs its likely benefit."

23  Fed. R. Civ. P. 26(b)(1). The "scope of discovery through a subpoena is the same as that

24  applicable to Rule 34 and other discovery rules." *Voxpath RS, LLC v. LG Elecs. U.S.A.,*

25  *Inc*., No. MC 13–004–TUC–CKJ, 2013 WL 5744045, at *2 (D. Ariz. Oct. 23, 2013); *see*

26  also Fed. R. Civ. P. 45, Advisory Committee Notes (1970).

27    Undue burden is given special consideration when the recipient of the request is a

28  non-party. *Aquastar Pool Prod. Inc. v. Paramount Pool & Spa Sys*., No. CV-19-00257-

PHX-DWL, 2019 WL 250429, at *3 (D. Ariz. Jan. 17, 2019) ("Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.") (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)). "Generally, this requires consideration of relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed." *Id.* (citing *Soto v. Castlerock Farming & Transport, Inc.*, 282 F.R.D. 492, 504 (E.D. Cal. 2012)) (citations and internal quotation marks omitted).

### 1.    Request Number 10

Request Number 10 seeks "[a]ll documents relating to any valuation of NextCare or its stock . . . between 2008 and 2013." (Doc. 1 at 6.) Baker Donelson previously narrowed the request "to only emails between NextCare's Chief Financial Officer, Rob Oliveri, and [the valuation company]'s principals Bo Brustkern and Craig Nolan," *id.* at 7, but has since expanded the request to its original terms in light of the existence of a searchable database. Because NextCare is not a party to this action, the Court is inclined to limit its burden of compliance with this Court's order. However, NextCare displayed a lack of diligence in failing to pursue the existence of the database for over sixteen months until after the subpoena was served and instead repeatedly relied on the assertion that compliance with the subpoena would be too onerous. NextCare's failure to timely pursue all viable options of production has caused Baker Donelson to incur significant legal fees. As a result, the Court does not find it an undue burden for NextCare to bear half of the cost of the requested production.

Baker Donelson will be responsible, as it agreed, for the reactivation costs and monthly maintenance fees. It will also bear half of the hourly cost of the searches it requests.

/ / /

1

2.     **Request Number 12**

2      Request Number 12 seeks "[a]ll communications and other documents sent to or

3  received from Shufeldt" from August 2010—when Shufeldt resigned—through January

4  2015—ten months before the Underlying Action was filed. (Doc. 1 at 10.) Baker Donelson

5  later narrowed the request "to only emails between Shufeldt and NextCare's Chief

6  Executive Officer John Julian and Chief Legal Officer (now Chief Compliance Officer)

7  Laura Becker"—NextCare's point people in communicating with Shufeldt after his forced

8  resignation. *Id.* As with Request 10, Baker Donelson expanded the breadth of Request 12

9  to its original scope after learning of the existence of a searchable database.

10      These emails could demonstrate what information regarding the valuation and

11  related stock transactions was provided to Shufeldt and when. These facts are critical to

12  evaluating the merits of the Underlying Action and are therefore relevant to Baker

13  Donelson's defense in the Instant Action. As explained above, Baker Donelson has

14  requested the same emails from Shufeldt and is presently pursuing a motion to compel in

15  the relevant court. Baker Donelson also informed the Court that Shufeldt's prior counsel

16  conceded to destroying some of the communications from the Underlying Action—the

17  extent of the destruction is unknown. As a result, NextCare may be the only means of

18  collecting the emails.

19      As discussed above, NextCare's lack of diligence in timely pursuing a viable means

20  of complying with the subpoena suggest that it would not be unduly burdensome for it to

21  bear half of the burden of compliance. Baker Donelson will bear the other half of the

22  burden.

23      **IT IS HEREBY ORDERED** that Petitioner Baker Donelson's Petition to Compel

24  Compliance with Subpoena Duces Tecum (Doc. 1) is **GRANTED** in part and **DENIED** in

25  part as follows.

26      1.     NextCare's discovery database from the Underlying Action will be

27  reactivated and searched and any responsive documents will be produced to Baker

28  Donelson.

2.      Baker Donelson will pay the costs associated to reactivate the database from the Underlying Action and the monthly maintenance fees. Baker Donelson will also cover half of the associated hourly costs to conduct the requested searches necessary to respond to Requests 10 and 12.

3.      NextCare will pay the other half of the hourly rates necessary to conduct the requested searches needed to respond to Requests 10 and 12.

**IT IS FURTHER ORDERED** that this action shall be terminated upon filing of a Notice of Completion/Dismissal or within 90 days of the date of this Order, whichever comes first.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action on **October 6, 2020**,

Dated this 8th day of July, 2020.

G. Murray Snow
Chief United States District Judge